Appeal of HOLT-GRANITE MILLS CO.                Docket No. 1784.

Submitted April 14, 1925; decided May 26, 1925.

*E. S. Parker, Jr., Esq.*, and *J. L. Elliott, C. P. A.*, for the taxpayer.

*W. Frank Gibbs, Esq.*, for the Commissioner.

Before STERNHAGEN, TRAMMELL, PHILLIPS, and LOVE.

This appeal is from a determination of a deficiency in income and profits taxes for the years 1917, 1918, and 1919, in the aggregate sum of $24,263.31.

At the hearing of the appeal before the Board, the correctness of the Commissioner's determination was conceded by the taxpayer, save in respect to two items, to wit: An item of $10,000 contributed to the Aycock Graded School and an item of $8,714.73 expended by the taxpayer on its sewer system to conform to regulations prescribed by an act of the legislature of North Carolina.

The contention of the taxpayer is that the contribution to said school was a business expense; and that the item of $8,714.73 was

also a business expense, made necessary by law, which did not enhance the value of its properties, and hence was not a capital expenditure.

### FINDINGS OF FACT.

The sum of $10,000 was contributed by the taxpayer to the Aycock Graded School District in 1919 for the purpose of assisting in the erection and equipment of an adequate building for the use of said school.

Prior to 1919 the school facilities in Aycock Graded School District, in which taxpayer's plant is located, were very inferior, especially in housing facilities.

From two to three hundred children attended that school, eighty to ninety per cent of whom were children of employees of the taxpayer.

There were other factory plants, similar to the one operated by the taxpayer, within a radius of five miles from its plant. These other plants, prior to 1919, were conveniently located with reference to school facilities superior to those in said Aycock Graded School District, and, as a result of such conditions, taxpayer corporation decided that, in order properly to educate its future prospective employees, to bring about and maintain a more stable contentment among its present employees, and to prevent a heavy turnover in labor, it was necessary for it to furnish to its employees better school facilities than then existed.

Prior to 1919 the taxpayer company owned in its village something like 150 tenant houses for use of its employees, in addition to its factory buildings. It had installed and was then using a sewer system that had proven efficient and satisfactory.

The legislature of North Carolina in 1918 or 1919 (the date is not clear) enacted a "Sanitary Law," prescribing plans and specifications for toilets, which plans and specifications, if conformed to, necessitated abandoning and destroying the system in use and putting in another system which would conform to said plans and specifications. That law was mandatory and was enforced.

The new sanitary system cost $8,714.73. It is still in use, and its use will probably be continued as required by the law.

### DECISION.

The deficiency is disallowed in part and should be recomputed in accordance with the following opinion. Final determination will be made on fifteen days' notice, under Rule 50.

### OPINION.

LOVE: We believe that the evidence in this appeal in reference to the contribution of $10,000 to the Aycock Graded School District brings the taxpayer clearly within the purview of the decision of this Board in the *Appeal of Poinsett Mills*, 1 B. T. A. 6.

The determination of the Commissioner in disallowing that item as a deduction is disapproved.

With reference to the item of $8,714.73, expended in tearing away the old sewer system and installing the new, it will be noted that the evidence shows that the new system is still in use.

We do not believe that this Board is authorized to say, in effect (in the absence of very convincing evidence to the contrary), that the legislature enacted a foolish law and needlessly enforced a heavy outlay in "improvements" on the taxpayer's real estate properties in such a manner that they may not legitimately be charged to capital assets; hence, with reference to said item of $8,714.73, the determination of the Commissioner is approved.